**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FALLON S. HERRON,

    Plaintiff,

v.

CHILDRENS SPECIALIZED HOSPITAL, et al.,

    Defendants.

Civil Action No. 16-6937 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on *pro se* Plaintiff Fallon S. Herron's ("Plaintiff") Amended Complaint against Defendants Childrens Specialized Hospital and Jennifer Jones ("Defendants"). (ECF No. 7.) The Court previously granted Plaintiff *in forma pauperis* status (ECF No. 3) and must review Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Here, the Court dismisses the Amended Complaint for failure to demonstrate subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Plaintiff filed her original Complaint on October 11, 2016. (Compl., ECF No. 1.) On May 2, 2017, the Court *sua sponte* dismissed the Complaint with leave to amend for failure to demonstrate subject matter jurisdiction and failure to state a claim upon which relief may be granted. (May 2, 2017 Order, ECF No. 3.) On June 5, 2017, Plaintiff filed a notice regarding the amended complaint. (Notice, ECF No. 5.) The Court determined that Plaintiff's notice failed to remedy the deficiencies it previously identified and again granted Plaintiff leave to amend her complaint. (Text Order, ECF No. 6.) Plaintiff filed an Amended Complaint on July 28, 2017. (Am. Compl., ECF No. 7.)

A complaint by a plaintiff proceeding *in forma pauperis* is subject to review by the Court and may be dismissed *sua sponte* if the action is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. §1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") mandates that Plaintiff's Amended Complaint set forth: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Plaintiff's Amended Complaint does not comply with either of Rule 8(a)'s requirements.

First, similar to Plaintiff's original Complaint, Plaintiff's Amended Complaint does not set forth adequate grounds for the Court's subject matter jurisdiction. While the Amended Complaint alleges a violation of Plaintiff's "parental and privacy rights" (Am. Compl. 1), it does not set forth the federal Constitutional, statutory, or treaty right at issue in this matter.

Second, even if the Court could discern a potential basis for subject matter jurisdiction, the Amended Complaint does not provide a short and plain statement of the claim demonstrating Plaintiff's entitlement to relief. Here, Plaintiff asserts a claim for a "legal remedy in regards to compensatory damages" against Defendants and alleges that "a contract [was] disregared [sic] in violation of [her] parental and privacy rights." (*Id.*) Plaintiff does not provide any other facts describing the purported contract violations. Based on the allegations in the Amended Complaint, the Court cannot discern a valid or cognizable claim against Defendants.

Based on the foregoing, and for other good cause shown, Plaintiff's Amended Complaint is dismissed for failure to comply with Rule 8(a). The Amended Complaint, however, will be dismissed without prejudice to provide Plaintiff with a final opportunity to file an amended

complaint that adheres to Rule 8(a)'s pleading requirements.[1] Rule 8(a) requires that a complaint contain sufficient allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Moreover, a complaint must "raise a right to relief above the speculative level," and must offer more than "formulaic recitation of the elements of a cause of action." *Id.* Accordingly, Plaintiff's amended complaint must put Defendants on notice of both the facts giving rise to her claims and what those claims are. Plaintiff should refer to the Procedural Guide for Pro Se Litigants on the Court's website which contains a sample legal complaint. If Plaintiff again files a deficient amended complaint, then the Court will dismiss all claims with prejudice.

Accordingly, **IT IS** on this 5th day of October 2017, **ORDERED** that:

1. The Amended Complaint (ECF No. 7) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall close the case.

3. Plaintiff may file an amended complaint by **November 6, 2017**.

4. If Plaintiff files an amended complaint by November 6, 2017, the Clerk of Court shall reopen the case and the Court shall screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff should note that an amended complaint supersedes the original complaint, unless the amended complaint specifically refers to or adopts the earlier pleading. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). To adopt some or all of the allegations in the original complaint, the amended complaint must clearly and explicitly identify the particular allegations to be adopted. (*Id.*) To avoid confusion, the safer course of action is to file an amended complaint that is complete in itself. (*Id.*)

3